IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANDRE TATE, | ) | |
| Petitioner, | ) | C.A. No. 24-3 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | Chief Magistrate Judge Richard A. Lanzillo |
| PATICIA THOMPSON, et al., | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

This *pro se* action for habeas corpus relief under 28 U.S.C. § 2254 was filed on January 3, 2024, by Petitioner Deandre Tate, an inmate incarcerated at the State Correctional Facility at Albion, Pennsylvania. Petitioner raises a single ineffective assistance of counsel claim challenging the failure of his criminal trial attorney to engage a mental health expert to assist in his defense at trial (ECF No. 1 at pp. 31-32). The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In July 2018, Petitioner was convicted by a jury in the Erie County Court of Common Pleas of two counts of aggravated assault, two counts of attempt to commit murder of a law enforcement officer, two counts of recklessly endangering another person, and one count each of possessing a firearm without a license, possessing an instrument of crime, and fleeing or eluding a police officer. On August 6, 2018, the trial court sentenced Petitioner to serve a term of incarceration of 25 to 50 years.

1

A direct appeal to the Pennsylvania Superior Court was filed. <u>Commonwealth v. Tate</u>, 2019 WL 4927150 (Pa. Super. Ct. Oct. 7, 2019). On appeal, the Superior Court recounted the factual background and evidence that led to Petitioner's arrest and conviction as follows:

> On January 26, 2017, Tate was involved in a high-speed car chase with law enforcement officials that ended in gunfire on the grounds of the Pennsylvania Soldiers' and Sailors' Home in Erie. At trial, law enforcement officers testified that they saw Tate aim and discharge his firearm in their direction. Two additional eyewitnesses testified that they also observed Tate aim his firearm in the officers' direction. During his testimony, Tate admitted that he discharged his firearm, but denied that he was aiming in the officers' direction. Specifically, Tate testified that he discharged his firearm into the air with the hope that the officers would shoot him, intending to commit "suicide-by-cop.

<u>Id</u>., at *1-2 (record citations omitted). The Superior Court rejected Petitioner's arguments challenging the weight and sufficiency of the evidence and affirmed Petitioner's judgment of sentence. <u>Id</u>. Petitioner did not seek allowance of appeal to the Pennsylvania Supreme Court.

On November 2, 2020, Petitioner filed a timely PCRA Petition, asserting that "trial counsel was ineffective for failing to present expert testimony on his mental health history." <u>Commonwealth v. Tate</u>, 2023 WL 6307767, at *1 (Pa. Super. Sept. 28, 2023). In particular, Petitioner argued:

> Defense counsel was in possession of mental health records indicating that, as far back as 2013, Appellant experienced "command hallucinations" directing him to hurt himself and others. Appellant sought and received treatment for his condition over the years. He testified at trial that he was unmedicated at the time of the offenses but back on medication at the time of trial. Appellant argues that - owing to his successful treatment at the time of trial - the jury saw an apparently healthy defendant testify to his prior lack of mental health. Appellant believes that trial counsel's failure to consult with and present the testimony of a mental health expert was devastating to his defense.

<u>Id</u>.

An evidentiary hearing was conducted by the PCRA court on March 28, 2022, at which Petitioner presented evidence detailing "his mental health history, including several suicide attempts [dating] back to late 2013, more than three years before the incident in question." Id. at *2. In addition, Petitioner presented testimony from a mental health expert, Dr. Gillian Blair, who testified that, if called as a witness at trial, she would have corroborated Tate's prior suicide attempts, expounded on the information revealed in his mental health records, and explained to the jury that his compliance with medications at the time of trial enabled him to appear mentally healthy despite his history of anxiety and suicidal thoughts. In particular, Dr. Blair explained:

> I think that what would have been important for the jury to know is that, umm, there were at least three prior suicide attempts; that there was a significant history of mental health treatment, umm, while he was incarcerated in Ohio; and then after his release from Ohio, his treatment [in Erie] from 2013 through 2015; plus, his two inpatient treatments for a severe substance abuse disorder. I think that information, umm, might have helped, or should have been presented to the jury so that they could understand the context and the mental health history of Mr. Tate prior to January the 27th, 2017.

(ECF No. 16-2 at p. 173). Finally, Petitioner presented the testimony of his trial attorney, who opined, *inter alia*, that he "should have probably consulted an expert to offer what testimony that expert could have offered in support of the mental health issues suffered by [Petitioner]." Id. at p. 202.

The PCRA Petition was ultimately denied on August 12, 2022. An appeal of the denial of the PCRA Petition, raising the issues presented to the PCRA court, was filed and denied. Commonwealth v. Tate, 2023 WL 6307767 (Pa. Super. Sept. 28, 2023). In affirming the PCRA Court's denial of the PCRA Petition, the Superior Court found, *inter alia*:

> In our view, Appellant has failed to demonstrate prejudice. Vital to Appellant's defense was his claim that he did not aim his weapon at the police when he fired it. But the Commonwealth presented four eyewitnesses—the two police officers Appellant shot at and two others—

3

who testified otherwise.... Given this state of the record, the jury could have credited the testimony Dr. Blair would have offered and still found that Appellant shot at both officers in an attempt to kill them (and lied when he testified otherwise).... [T]he jury credited multiple eyewitnesses whose testimony negated a critical factual premise of the "suicide by cop" defense presented to them.... To find prejudice here, the PCRA court would have had to find a reasonable probability that expert testimony would have bolstered Appellant's defense to the extent that the jury would have disbelieved four eyewitnesses and instead credited Appellant's self-serving claim that he discharged his firearm harmlessly "into the air."

Id. at **3-4. Petitioner's subsequent Petition for Leave to Appeal to the Pennsylvania Supreme Court was denied. Commonwealth v. Tate, 268 WAL 2023 (Pa. July 11, 2024).

The instant habeas petition reasserts Petitioner's claim that his trial counsel was ineffective for failing to retain and call a mental health expert at trial to corroborate his "suicide-by-cop" defense. In particular, Petitioner argues that "[t]he state court's resolution of this ground was contrary to, and was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and was based on an unreasonable determination of the facts." (ECF No. 1, at p. 33).

On March 12, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be denied and that the Court decline to issue a Certificate of Appealability. [ECF No. 23]. Specifically, Judge Lanzillo concluded that "the Superior Court's resolution of the issue was supported by evidence of record and was not an unreasonable application of *Strickland*." (Id. at p. 15).

Timely objections to the R&R were filed by Petitioner on March 24, 2026. [ECF No. 24]. Specifically, Petitioner "objects to the Magistrate's finding of no prejudice and that the Superior Court's resolution of this ground was not an unreasonable application of Strickland and was based on an unreasonable determination of the facts in light of the state-court record." (Id. at p. 42). In particular, Petitioner calls into question the Superior Court's "finding" that "Petitioner's

4

testimony that he was not trying to kill the police when he shot was self-serving and 'lied when he testified' as he did." (Id. at p. 43, citing the R&R, p. 15 and the Superior Court opinion at p. 4). However, this is a blatant misstatement of the Superior Court's finding in this regard, which actually states, "the jury could have credited the testimony Dr. Blair would have offered and still found that [Petitioner] shot at both officers in an attempt to kill them (and lied when he testified otherwise)." Thus, rather than finding that Petitioner's testimony was self-serving and deceitful, as portrayed by Petitioner, the Superior Court actually found that, based on the evidence submitted, which included the testimony of four eyewitnesses to the shooting, a jury "could have" concluded as much, even if Petitioner's testimony was bolstered by the type of mental health testimony Dr. Blair offered at the PCRA hearing. Consequently, the Magistrate Judge found that "the Superior Court 'appropriately looked to the strength of the evidence of [Petitioner's] specific intent when concluding that he was not prejudiced' by trial counsel's representation." (ECF No. 23, at p. 15) (citations omitted). The Court finds no error with this finding or in the Magistrate Judge's ultimate conclusion that Petitioner has failed to "establish that the court's decision was so egregiously erroneous that it was beyond any possibility for fair minded disagreement." (Id.).[1]

---

[1] The Court notes that Petitioner also objects that neither the Superior Court nor the Magistrate Judge addressed his arguments that a mental health expert could have explained why Petitioner appeared "calm and not mentally ill due to the medication he was on" at the time of trial, in contrast to his mental state at the time of the shooting incident, and that expert testimony could have had a positive impact on his sentence. (ECF No. 24, at pp. 44-45); however, neither of these objections move the needle. The record indicates that, at trial, Petitioner "testified that, at the time of the offenses, he was abusing alcohol and illicit drugs but was not taking medication for his mental health condition," and Petitioner also testified that he was being treated for his mental health issues and taking appropriate medications at the time of the trial. (ECF No. 23, at p. 3). Thus, there is no merit to Petitioner's argument that "[w]ithout explanation from a mental health provider that [Petitioner] was medicated during his testimony but was not medicated for months leading up to the incident, the jury was left with no explanation of this apparent discrepancy." (ECF No. 24, at p. 44). And as to the second argument, Dr. Blair's statement that she "could have been an aid to sentencing by explaining Petitioner's long and troubling history of mental health infirmities" (Id. at p. 45) is far from certain and merely invites unwarranted speculation.

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 11th day of August, 2026,

IT IS HEREBY ORDERED that Petitioner's habeas petition is DENIED and the Court declines to issue a Certificate of Appealability. The report and recommendation of Chief Magistrate Judge Lanzillo, dated March 23, 2026 [ECF No. 23], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

SUSAN PARADISE BAXTER
United States District Judge

cc:    The Honorable Richard A. Lanzillo
       Chief United States Magistrate Judge

       All parties of record

6